vote, well knowing he had such right, and thereby prevented him from voting, it is possible the declaration might be sustained. Without some such averment it presents no cause of action against the defendant.

Demurrer sustained, and leave given plaintiff to amend.

NOTE. Public officers, acting in a judicial capacity or in matters requiring the exercise of judgment and discretion, are not liable for damages resulting from their mistakes. Harman v. Tappenden, 1 East. 555; Jenkins v. Waldron, 11 Johns. 120; Wilson v. City of New York, 1 Denio. 599; Weaver v. Devendorf, 3 Denio, 117; Griffith v. Follett. 20 Barb. 621; Mills v. City of Brooklyn, 32 N. Y. 489; Kendall v. Stokes, 3 How. [44 U. S.] 87.

SEELEY (MYERS v.). See Case No. 9,994.

SEELEY (UNITED STATES v.). See Case No. 16,248a.

## Case No. 12,631.

### SEELING v. RACINE.

[See Case No. 8,603.]

## Case No. 12,632.

### In re SEELY.

[1 MacA. Pat. Cas. 248.]

Circuit Court, District of Columbia. May Term, 1853.

PATENTS—APPEALS—POWER TO INTERROGATE EXAMINERS—AUTHORITY OF COMMISSIONER—UTILITY.

[1. When, by the act of 1839, the chief judge of the district court was substituted for the board of examiners created by the act of 1836, he succeeded to the same authority possessed by the board to require information of the commissioner and examiners in relation to any invention pending on appeal before him; and his authority in this respect is to be deduced both from the law of 1836 (section 7) and the law of 1839 (section 11). He therefore has ample power to allow an examiner to be interrogated. on the request of an appellant, on the subject of the peculiar nature and features of the invention which it is thought were not sufficiently set forth in the commissioner's report.]

[2. The oath of the applicant is prima facie evidence of the invention, and it is not necessary that there be an actual putting in use: therefore, when the application conforms to the requirements of the office. and the commissioner does not find that the invention falls within any of the conditions mentioned in the law as a sufficient ground for rejection, he has no authority to require additional evidence that the combination will produce the result claimed for it.]

[3. The combination of two blowers. one a suction blower and the other a forcing blower, with a lime kiln for the purpose of increasing the draft, and also a combination whereby the boiler of the blowing engine is heated by the same fire that heats the kiln, both combinations being new, though composed of old elements, *held* to be patentable, it appearing that a new and better result will be produced.]

[This was an appeal by Samuel Seely from a decision of the commissioner of patents refusing to grant him a patent for an improvement in lime kilns.]

P. H. Watson, for appellant.
Examiner Lane, for commissioner.

MORSELL, Circuit Judge. This is a case where there was no opposing party, and in which the decision rests only upon the examination of the commissioner under the seventh section of the act of 1836, as thereby particularly required of him in the cases therein mentioned. His decision was made the 24th of January, 1853, in which he says, addressing himself to the appellant: "In the matter of your alleged improvement in lime-kilns, I have to state in relation to the first claim that if the draft of a lime-kiln becomes too weak in consequence of extending the height of a kiln for the purpose of economizing heat, the application of any well-known means of increasing the draft is obvious, and cannot be considered a new and patentable invention. The use of two blowers—one a suction blower and the other a forcing blower —in order that one may be used when it would be inconvenient or impracticable to use the other, is considered a matter of common right as obvious as that of choosing between the two that which may be most convenient, and not a thing which can be deemed in a patentable sense a combination. In reference to the third claim—that of heating the boilers of the engine by the same fire that heats the kiln—a like device may be found in those furnaces in which the waste heat is applied to heat the boiler of the blowing engine, which possesses the same power of self-adjustment, if such a power be a practicable thing in either case in accommodating the production of steam to the blast required."

There were two reasons of appeal. The first, very nearly in the language of the clause of the act of congress just referred to, which limits the examination of the commissioner to matters therein expressed, and the second reason is in the terms of the part of the section which requires the commissioner to notify the applicant of his refusal, giving him briefly such information and references as may be useful, &c.

The commissioner answers the first reason by saying that what it states is a mere truism, because an appeal from a refusal of a patent must always be for that reason. Nothing more can be said specially in reply. And he refers to annexed copies of letters of the 9th and 11th of February last, communicating to Mr. Seely the reasons why the office differs from the opinion expressed in the first reason. The substance of the letter of the 9th states that the only things assumed as known devices in the official decision of the 24th ultimo upon the first claim in the case of the lime-kiln are, first, making the kiln high and feeding the limestone in at the top, for the purpose of economizing heat; and second, the use of a fan or other mechanical blower as the means of increasing the strength of a draft. These two devices are so generally known that the office does not consider a special reference to